UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                                  Case No. 3:24-cr-37

vs.

XIANGYANG HE,                               District Judge Michael J. Newman

    Defendant.

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Previously in this felony criminal case, Defendant Xiangyang He and the Government entered into a plea agreement pursuant to which Defendant pled guilty to conspiracy to commit wire fraud and bank fraud, a violation of 18 U.S.C. §§ 1343, 1344(2), and 1349. Doc. Nos. 31, 32, 33. In the Statement of Facts attached to the plea agreement, Defendant admitted he participated "in a scheme to defraud elderly individuals and to obtain money and property owned by them, by means of materially false and fraudulent pretenses, representations, and promises, and the non-disclosure and concealment of material facts." Doc. No. 33 at PageID 87.

Defendant raises five objections to the final Presentence Investigation Report ("PSR") and both the Government and Probation have responded. Doc. No. 38 at PageID 138-41. In addition, Defendant filed a sentencing memorandum. Doc. Nos. 39.

The Court held an in-person PSR objection hearing on August 1, 2025. Attorney Chistopher Fogt appeared on behalf of Defendant. Mandarin interpreter Mar Harman was present and sworn. AUSA Elizabeth McCormick appeared on behalf of the Government. Counsel for both parties presented oral argument. The Court took the matter under review, and it is now ripe

for decision.

## I. Applicable Legal Standards

This Court "must—for any disputed portion of the [PSR] or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B) (brackets added). "As a threshold matter, the defendant must actively raise the dispute during the sentencing hearing before the district court's duty to find facts arises." *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007). Once a defendant meets this threshold, "the 'court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'" *Id*. (quoting *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003)). Literal compliance with this Rule is required "'for a variety of reasons, such as enhancing the accuracy of the sentence and the clarity of the record.'" *Id*. (quoting *United States v. Treadway,* 328 F.3d 878, 886 (6th Cir. 2003)).

"Generally, factual findings relevant to sentencing must be supported only by a preponderance of the evidence." *United States v. Hurst*, 228 F.3d 751, 761 (6th Cir. 2000) (citing *United States v. Zajac,* 62 F.3d 145, 148 (6th Cir. 1995)); *see United States v. McReynolds*, 964 F.3d 555, 565 (6th Cir. 2020) ("all facts used against a defendant at sentencing must be supported by a preponderance of the evidence[.]"); *see also United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) ("judicial fact-finding for sentencing purposes must continue as it was conducted prior to *Booker,* under a preponderance of the evidence standard." (citing *United States v. Coffee,* 434 F.3d 887, 897-98 (6th Cir. 2006))).

## II. The PSR

The PSR applies the United States Sentencing Guidelines ("Guidelines"), to place

2

Defendant's total offense level at 22. Doc No. 38 at PageID 127. This includes a two-level increase based on the fact that the Defendant knew or should have known that any victim of the offense was a vulnerable victim. *Id*. at 126.

The PSR places Defendant's criminal history category at I. *Id.* at 127. Defendant's total offense level of 22 along with his criminal history category of I results in a recommended sentencing range of 41 to 51 months. *Id*. at 134.

### III. Analysis

As a preliminary matter, a ruling on the first four of Defendant's five objections is unnecessary "because the matter will not affect sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B) (brackets added). None of the first four objections impact the Guidelines, and Defendant's counsel conceded this point during the hearing. For clarity, however, the Court makes findings of fact below relating to all five objections.

### A.

Defendant first objects to the PSR's inclusion of Defendant and Pratik Patel ("P.P.") as potentially being part of the conspiracy at issue. Doc. No. 38 at PageID 138.

The record supports the conclusion that both Defendant and P.P were potentially within the same conspiracy. A co-conspirator need not know all other co-conspirators within the conspiracy. *U.S. v. Warman*, 578 F.3d 320, 342 (6th Cir. 2009) ("But a single conspiracy may exist even if all the members did not know each other, or never sat down together, or did not know what roles all the other members played. And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed...."). In other words, direct contact is not an element to conspiracy. *See id.* By Defendant's own admission in the plea agreement, Defendant and P.P. each "traveled all over the country picking up the fraudulently

3

obtained assets from elderly victims, including Victim A." Doc. No. 33 at PageID 88. Since both Defendant and P.P. traveled from Chicago, Illinois to Green Township, Ohio to retrieve assets from the same individual (Victim A) within approximately 62 days of one another, it follows that they were conspirators to the same common scheme. *See id.* Further, the PSR characterizes Defendant's relationship with P.P. as indirect, which is supported by the record.

Accordingly, the Court **OVERRULES** Defendant's first objection to the PSR. This ruling does not preclude Defendant from seeking a variance or otherwise raising arguments related to his first objection under 18 U.S.C. § 3553(a) during his sentencing hearing.

**B.**

In his second objection, Defendant argues that paragraph 12 of the PSR overstates his involvement in the conspiracy because he did not personally drain victims' bank accounts over several months. Doc. No. 38 at PageID 139. The Government and Probation respond that paragraph 12 of the PSR mirrors, nearly verbatim, the third paragraph of the Statement of Facts of the plea agreement, which Defendant voluntarily admitted to during his guilty plea. *Id.*

The language that did change between the third paragraph of the Statement of Facts and paragraph 12 of the PSR does not support Defendant's argument. The Court counts only five differences in the paragraphs. *See* Doc. No. 38 at PageID 120; Doc No. 33 at PageID 87. One difference was that the PSR included the name Patel, as well as Defendant's name, but Defendant does not argue against that inclusion. Other differences include changing "this fraud scheme" to "the conspiracy" and giving "Microsoft Security Official" the abbreviation "MSO," neither of which support Defendant's argument. Finally, the PSR cuts seven words entirely that were

4

included in the Statement of Facts, but those seven words[1] ultimately make no appearance in Defendant's argument.  *See id.*

The Court finds there is a record (Defendant's own guilty plea and admission to the Statement of Facts) which supports the Government and Probation's position. Accordingly, the Court **OVERRULES** Defendant's second objection to the PSR.  This ruling does not preclude Defendant from seeking a variance or otherwise raising arguments related to his second objection under 18 U.S.C. § 3553(a) during his sentencing hearing.

### C.

Defendant next objects to the PSR's paragraph 19, which reads in part, "co-conspirators, such as He conducted additional pickups resulting in an additional loss of $1,467,595 from T.S. and C.H."  Doc. No. 38 at PageID 122.  A "pickup" consisted of a conspirator meeting with a victim in order to obtain cash, gold, or other such valuables from that victim.  *See id.*  Defendant argues that this statement is inaccurate because he attempted to do a pickup only once from Individual A's residence on April 4, 2024.  *Id.* at Page ID 139.  Defendant also argues that his conduct on April 4, 2024 was an unsuccessful pickup.  *Id.*

The statement is clear in including Defendant as one of multiple co-conspirators who conducted pickups from victims.  Defendant was arrested during the pickup, but it does not ultimately change his role in the conspiracy, which was one of at least two people conducting multiple pickups over a period of time.  The PSR includes this information to explain the total additional loss that resulted during Defendant's involvement in the conspiracy, which is explicitly limited to February through April 2024.

---

[1] In the Statement of Facts' third sentence of paragraph 12, the sentence ends by saying the purported Microsoft identification number was "to boost the credibility of the interaction."  Doc. No. 33 at PageID 87.  These seven words were not included in the PSR, and they have no impact on the Defendant.  *See* Doc. No. 38 at PageID 120.

5

The Court finds there is a record which supports the Government and Probation's position. Accordingly, the Court **OVERRULES** Defendant's third objection to the PSR. This ruling does not preclude Defendant from seeking a variance or otherwise raising arguments related to his third objection under 18 U.S.C. § 3553(a) during his sentencing hearing.

**D.**

Defendant's fourth objection is to PSR paragraphs 21 and 23, relating to the monetary loss Defendant is responsible for. Doc. No. 38 at PageID 122-23. Defendant argues that the conspiracy may be responsible for the total loss of $966,082, but he is not individually responsible. Defendant also argues that the additional loss to victims in Florida—of $225,000, reflected in paragraph 23 of the PSR—was not included in the Plea Agreement and Statement of Facts.

As Probation correctly stated, "When a defendant participates in a conspiracy, he bears the risk of becoming financially responsible for the entire amount of the conspiracy victims' losses." Doc. No. 38 at PageID 140; *see United States v. Bogart*, 576 F.3d 565, 576 (6th Cir. 2009) (rejecting the Defendant's argument that he should not be held responsible because "his particular actions did not cause the victims' losses" in the conspiracy). Additionally, the Government argued that the information relating to the $225,000 loss to victims in Florida was based on evidence from Defendant's own phones. Doc. No. 38 at PageID 140.

Because the very nature of a conspiracy includes potential liability for co-conspirators' conduct and Defendant's own phones showed evidence of the loss of $225,000 to victims in Florida, the Court finds there is a record which supports the Government and Probation's position. Accordingly, the Court **OVERRULES** Defendant's fourth objection to the PSR. This ruling does not preclude Defendant from seeking a variance or otherwise raising arguments related to his fourth objection under 18 U.S.C. § 3553(a) during his sentencing hearing.

**E.**

Defendant finally objects to the PSR's two-level increase to his offense level because, he argues, at the time he took part in the conspiracy, he allegedly was not aware of the victims' ages, did not personally deceive the victims, and there was no evidence of the victims' ages making them more susceptible to the specific criminal conduct that occurred. Doc. No. 38 at PageID 141.

The Government presented evidence during the PSR objection hearing which supported the fact that He "knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1) (Vulnerable Victim). During the hearing, the Government called Special Agent Benjamin Adducchio ("SA Adducchio") to testify as to his first-hand knowledge and understanding of the conspiracy in this matter. SA Adducchio described data extracted from Defendant's two phones, which included photos of victim driver's licenses. Those photos would have indicated to Defendant the approximate ages of the victims based on the photos and birth dates listed on the license. Additionally, approximately fifteen to seventeen victims were identified based on the data from the phones, and eight victims were confirmed by local law enforcement. All of the victims were over the age of 65, and thus "vulnerable" within the meaning of the Guidelines. *See United States v. Ealy*, 682 F. App'x 432, 438 (6th Cir. 2017) (finding that, reviewing under an abuse of discretion standard, the district court correctly found Guidelines enhancements based on victim vulnerability to apply to Defendant, who had targeted nursing home patients and the elderly).

SA Adducchio then testified as to how people above the age of 65 are more susceptible to crimes such as the matter as issue here. He explained that people over 65 tend to be more vulnerable as a population than those under 65 for this type of crime, which is why this conspiracy targeted people age 65 or higher.

7

Because of the above testimony and the facts of the case, the Court finds there are facts supporting that Defendant knew, or at the least should have known, the victims' ages and therefore their vulnerability to fraud.  Taking part in a conspiracy such as this one often involves being aware that the victims are vulnerable, and Defendant here had access to their driver's licenses, which would have explicitly confirmed this for him.  Therefore, the two-level increase in offense level is justified based on the record and the Guidelines.

Accordingly, the Court **OVERRULES** Defendant's fifth objection to the PSR. This ruling does not preclude Defendant from seeking a variance or otherwise raising arguments related to his fifth objection under 18 U.S.C. § 3553(a) during his sentencing hearing.

## IV.  Conclusion

For the above reasons, Defendant's five objections to the PSR are each **OVERRULED** without prejudice to renewal during his sentencing hearing.  Based on these rulings, Defendant's offense level remains 22 and his criminal history remains I, resulting, as noted above, in a recommended sentencing range of 41 to 51 months.

**IT IS SO ORDERED.**

November 6, 2025                                s/*Michael J. Newman*
                                                Hon. Michael J. Newman
                                                United States District Judge